UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ARRAZZAAQ BEY,                              )
                                           )
                Plaintiff,                 )
                                           )
         v.                                )    No. 1:26-cv-00667-JRO-KMB
                                           )
HOWARD COUNTY, INDIANA,                    )
UNKNOWN HOWARD COUNTY JUDICIAL )
OFFICERS,                                  )
UNKNOWN PROSECUTORS,                       )
UNKNOWN HOWARD COUNTY                      )
OFFICIALS,                                 )
                                           )
                Defendants.                )

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND
GRANTING LEAVE TO FILE AN AMENDED COMPLAINT**

This matter is before the Court on *pro se* Plaintiff ArRazzaaq Bey's Motion

for Leave to Proceed *In Forma Pauperis*.  Dkt. [2].  Plaintiff filed a five count

Complaint alleging various civil rights violations against Defendants.  Dkt. 1.

For the reasons below, the Plaintiff's Motion to Proceed *in Forma Pauperis*, dkt.

[2], is **GRANTED.**  Because the Court grants that Motion, this action is also

subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's complaint,

dkt. [1], is **DISMISSED** without prejudice for failure to state a claim.

**I. IN FORMA PAUPERIS STATUS**

The Court may authorize a plaintiff to file a lawsuit "without prepayment

of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the

assets to pay the filing fee at this time.  28 U.S.C. § 1915(a)(1).  Here, plaintiff's motion, dkt. [2], meets this standard and is **GRANTED**.

While *in forma pauperis* status allows a plaintiff to proceed without pre-paying the filing fee, the plaintiff remains liable for the full fees.  "[A]ll § 1915(a) does for any litigant is excuse the *pre*-payment of fees.  Unsuccessful litigants are liable for fees and costs and must pay when they are able."  *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997)).  The filing fee for *in forma pauperis* litigants is $350.00.  No payment is due at this time, but the $350.00 balance remains due and owing.

## II. SCREENING STANDARD

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient.  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief.  *Id.*  Dismissal under § 1915 is an exercise of this Court's discretion.  *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff."  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).  To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Because a defendant must have "fair notice of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that he has been illegally harmed.  *Twombly*, 550 U.S. at 555.  Rather, he must set forth a "short and plain statement" of facts in his complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged.  Fed. R. Civ. P. 8(a)(2).

### III. THE COMPLAINT

The Court accepts Plaintiff's factual allegations as true at the pleading stage but not his legal conclusions.  *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).  Plaintiff's lawsuit is premised on alleged civil rights violations.  He sets forth five counts: Count I, False Arrest / Unlawful Detention under the Fourth and Fourteenth Amendments; Count II, Excessive Bail under the Eighth Amendment; Count III, Due Process Violations; Count IV, State-Created Danger (*DeShaney v. Winnebago*); and Count V, Municipal Liability (*Monell*). Dkt. 1 at 1–2.

Plaintiff alleges that "Defendants, acting under color of state law, caused the issuance of a warrant and imposed a $10,000 cash-only bond despite Plaintiff already being in custody" "based on incorrect court-generated information."  This warrant and bond, Plaintiff maintains, "operated as punitive detention" in violation of law, and "functioned solely as unlawful continued

detention."   *Id.*  Plaintiff claims issuing the warrant and bond was a structural constitutional violation and led to various injuries.

Plaintiff alleges that he suffered loss of liberty, severe physical injury, permanent impairment, emotional distress, loss of earning capacity, and ongoing harm, including future medical expenses.   He seeks damages and punitive damages.  *Id.* at 2.

### IV. DISCUSSION

This action is brought solely pursuant to 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Individual liability under § 1983 ... requires personal involvement in the alleged constitutional deprivation."  *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . .  A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Under this standard, the allegations against all the unnamed individuals must be dismissed because no individual action is alleged in the complaint. Without individualized action, it is pointless to bring claims against unnamed

4

defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("It is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.") (internal citations omitted). Unknown Howard County Judicial Officers, Unknown Prosecutors, and Unknown Howard County Officials are, therefore, **dismissed** because the complaint does not sufficiently identify the defendants for purposes of stating a claim.

Further, the allegations against Howard County, Indiana are also **dismissed**. "[M]unicipal governments [including counties] cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees. They can, however, be held liable for unconstitutional municipal policies or customs." *Simpson v. Brown County*, 860 F.3d 1001, 1005-6 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)). Plaintiff purports to bring a *Monell* claim, dkt. 1 at 2, but fails to allege that his injuries were the result of any county policy. So all claims against Howard County are dismissed.

Moreover, the only concrete allegation in the complaint is that "Defendants, acting under color of state law, caused the issuance of a warrant and imposed a $10,000 cash-only bond despite Plaintiff already being in custody." This allegation fails to state a claim because it alleges actions that are clearly subject to prosecutorial immunity. *Kalina v. Fletcher*, 522 U.S. 118, 124, 129 (1997) ("'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution' was not amenable to

5

suit under § 1983" and holding that "preparation and filing of . . . charging documents—the information and the motion for an arrest warrant—are protected by absolute immunity" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)).  All defendants are **dismissed** for this independent reason.

Even if the foregoing pleading deficiencies did not doom Plaintiffs complaint, Plaintiff's complaint must be dismissed in its entirety because he fails to state any plausible claim.  Complaints must contain enough information from which a court can reasonably infer "that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009).  Here, Plaintiff's allegations are broadly conclusory.  For example, Plaintiff asserts that a "warrant was served based on incorrect court-generated information," but does not explain why it was incorrect.  The Court is not required to accept such allegations as well-pled. *Ashcroft*, 556 U.S. at 678.  When stripped of the conclusory allegations, Plaintiff's complaint lacks any factual allegations plausibly establishing any liability on part of defendants.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED.**    Dkt. [2].    Plaintiff's complaint, however, must be **DISMISSED without prejudice** for failure to state a claim for which relief can be granted.  Dkt. [1].

The dismissal of the complaint will not lead to the dismissal of the action at present.  "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be

futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a *pro se* litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013).

Plaintiff shall have **through June 11, 2026, to file an amended complaint.**

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendants with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the Plaintiff may benefit from using the Court's complaint form. The **clerk is directed** to include a copy of the *pro se* non-prisoner complaint form along with the Plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring *pro se* plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, No. 1:26-cv-00667-JRO-KMB, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847

7

F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every Defendant, claim, and factual allegation the Plaintiff wishes to pursue in this action.

If Plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 5/11/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

ARRAZZAAQ BEY
1502 E Sycamore Street
Kokomo, IN 46901

8