UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ARRAZZAAQ BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00667-JRO-KMB |
| | ) | |
| MICHAEL P. KREBS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SCREENING COMPLAINT, DIRECTING FURTHER PROCEEDINGS**

The Court previously granted Plaintiff Arrazzaaq Bey's Motion for Leave to Proceed *In Forma Pauperis*, and dismissed two earlier versions of Plaintiff's complaint with leave to amend. Dkts. 7, 9. Bey has now filed a second amended complaint that names only Howard County Deputy Prosecuting Attorney Michael P. Krebs as a defendant. Dkt 12. The complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons below, the claim presented in Bey's second amended complaint, dkt. [12], **shall proceed**.

**I. SCREENING STANDARD**

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.* Dismissal under § 1915 is an exercise of this Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A defendant must have "fair notice of what the . . . claim is and the grounds upon which it rests," and it is not enough for a plaintiff to say that he has been illegally harmed. *Twombly*, 550 U.S. at 555. Rather, he must set forth a "short and plain statement" of facts in his complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged. Fed. R. Civ. P. 8(a)(2). Pro se complaints, such as Bey's, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett*, 658 F.3d at 751.

## II. THE COMPLAINT

The Court accepts Bey's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

Bey brings a claim under 42 U.S.C. § 1983 based on the Fourth Amendment right to be free from unreasonable seizure against Howard County Deputy Prosecuting Attorney Michael Krebs. Dkt. 12 at 2.

In 2021, Bey faced charges in Howard Superior Court 1, 34D01-2012-F6-003792 (the "-003792" case).[1] The state court set a jury trial in that matter for April 30, 2021. Dkt. 12 at 7 ¶ 1. On March 30, the chronological case summary reflected the April 30 jury-trial setting canceled. *Id.* at 7 ¶ 2.

On June 2, 2023, the State of Indiana opened a new case against Bey, 34D01-2306-F6-001631, alleging by charging information failure to appear, a level 6 felony (the "failure-to-appear" case). *Id.* at 7 ¶ 6. Critically, Deputy Prosecuting Attorney Krebs signed the charging information and the accompanying probable cause affidavit. *Id.* at 9. The Court takes judicial notice of the docket in the failure-to-appear case that no other witness signed these documents. The charges allege Bey was required to appear on April 30, 2021, in the -003792 case but failed to do so. *Id.* at 7 ¶ 6. The failure-to-appear case was later dismissed. *Id.* at 8 ¶ 13.

Bey maintains that the assertion that he failed to appear when required was false because the April 30, 2021, setting had been canceled. *Id.* at 8 ¶ 8.

The state court issued a warrant in the failure-to-appear case and fixed Bey's bond at $10,000 cash only. *Id.* at 8 ¶ 9. Bey was in custody in a separate

---

[1] The Court takes judicial notice of the chronological case summaries of the related state-court criminal matters available at https://public.courts.in.gov/mycase/, accessed Nov. 6, 2026. Fed. R. Evid. 201(b). The Court infers that Bey was charged under the name "Reginald Norville Greene."

matter in June 2023, but he alleges the failure-to-appear case contributed to additional seizure, bond, and restricts upon his pre-trial release. *Id.* at 5.

## III. DISCUSSION

"The Fourth Amendment requires that arrest warrants be based 'upon probable cause, supported by Oath or affirmation'—a requirement that may be satisfied by an indictment returned by a grand jury, but not by the mere filing of criminal charges in an unsworn information signed by the prosecutor." *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (quoting U.S. CONST. amend. IV). The Court's previous order, dkt. 9, examined *Kalina*. The Supreme Court there discussed a prosecutor's absolute immunity under Section 1983 when the prosector acts "within the scope of his duties in initiating and pursuing a criminal prosecution." *Kalina*, 522 U.S. at 129. However, *Kalina* goes on to hold,

> Testifying about facts is the function of the witness, not the lawyer. No matter how brief or succinct it may be, the evidentiary component of an application for an arrest warrant is a distinct and essential predicate for a finding of probable cause. Even when the person who makes the constitutionally required "Oath or affirmation" is a lawyer, the only function that she performs in giving sworn testimony is that of a witness.

*Id.* at 130–31. As such, when a prosecutor testifies about facts, he functions as a witness—not a lawyer—and is therefore not entitled to absolute immunity as to that action. *Id.* at 131 ("we merely hold that § 1983 may provide a remedy for respondent insofar as petitioner [a deputy prosecutor] performed the function of a complaining witness").

The Seventh Circuit applied the reasoning of *Kalina* to a prosecutor's signing of a charging information in *Olson v. Champaign Cnty., Ill.*, 784 F.3d

1093, 1103 (7th Cir. 2015). There, plaintiffs pressed Section 1983 claims under the Fourth Amendment against a state's attorney, who signed and filed the charging information the plaintiffs alleged was false. *Id.* at 1097–98. The Seventh Circuit reversed the district court's dismissal of the case because plaintiffs had plausibly alleged the state's attorney swore to false information. *Id.* at 1103. Applying a "functional analysis" with respect to analyzing the attorney's "role as an advocate for the state," the panel reasoned that the state's attorney swore to the facts in the charging information when he signed and stated "upon information and belief" that the facts it contained were true. *Id.* at 1102–03. It held that "when a prosecutor goes beyond signing the information to initiate the suit by swearing to the facts it contains, the attorney is no longer absolutely immune from suit" but is "perform[ing] the same function as a police officer witness . . . ." *Id.* at 1103.

Deputy Prosecuting Attorney Krebs signed the charging information and accompanying probable cause affidavit. Dkt. 12 at 2, 5, 7–9. No other witness signed these documents or any other document that formed the factual basis for the charging information. At this stage of the proceedings, the Court concludes that the facts in *Olson* are plausibly analogous to those Bey pleads here. Accordingly, his Section 1983 claim against Deputy Prosecuting Attorney Krebs **shall proceed**.

## IV. CONCLUSION

For the foregoing reasons, Bey's Fourth Amendment claims brought pursuant to 42 U.S.C. § 1983 shall proceed. To the extent any other claim is alleged in the complaint, it is dismissed.

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendant Deputy Prosecuting Attorney Krebs in the manner specified by Rule 4(d). Process shall consist of a summons, a copy of the second amended complaint, dkt. 12, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The **clerk is further directed** to remove the following as defendants on the docket: Howard County, Indiana; Unknown Howard County Judicial Officers, Unknown Prosecutors; and Unknown Howard County Officials.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 11/12/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

ARRAZZAAQ BEY
615 E Havens Street
Kokomo, Indiana 46901

MICHAEL P. KREBES
c/o Howard County Prosecutor's Office
220 N. Main Street, 4th Floor
Kokomo, Indiana 46901